IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE ELLIS,

    Plaintiff,

v.                                                    Civ. No. 20-971 CG/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR SERVICE BY PUBLICATION

THIS MATTER comes before the Court on Plaintiff's Motion for Service by Publication. *Doc. 7*. Plaintiff requests an order authorizing service by publication upon Defendants Asa Joshua Keyes and Ashlee Keyes (collectively, "the Keyes Defendants") pursuant to New Mexico Rule of Civil Procedure 1-004(K). *See id.* Having reviewed the Motion, the Court finds that it is deficient in certain respects and therefore DENIES it without prejudice to Plaintiff's ability to refile.

**I.  LEGAL STANDARDS**

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit

that service cannot reasonably be made as provided by this rule." NMRA 1-004(J), (K). Service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 388 P.3d 240, 249 (N.M. 2016) (citations and internal quotation marks omitted). Accordingly, "the exercise of diligence and good faith to locate a defendant are implicit prerequisites to effective service of process by publication." *Id.* at 250 (citations omitted).

Diligence may be established by showing that the plaintiff carefully followed the procedural steps outlined in the state's rules. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *Soto v. Vill. of Milan Police Dep't*, No. 10-0043 WJ/ACT, 2010 WL 11619168, at *2 (D.N.M. Sept. 17, 2010) (unpublished). The procedure for personal service of process upon an individual is outlined in NMRA 1-004(F), which permits service by delivery to the individual personally or by mail or commercial courier service. NMRA 1-004(F)(1). If either in-person service or service by mail is ineffective, then service may be made by "delivering a copy of the process to some person residing at the usual place of abode of the defendant . . . *and* mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." NMRA 1-004(F)(2) (emphasis added). If service fails under *both* subparagraphs (1) and

(2), then service may be made upon the defendant's place of business or employment. NMRA 1-004(F)(3).

**II.   ANALYSIS**

Plaintiff's Motion explains that Plaintiff first attempted service on the Keyes Defendants at their last known address but was notified that they no longer resided there.  *Doc. 7* at ¶ 2.  Plaintiff then attempted to identify a new address for the Keyes Defendants and retained the services of multiple process servers to effect service.  *Id.* at ¶¶ 3–5.  The last of these process servers "made numerous attempts to serve [the Keyes Defendants] at various times of the day and night" and came to the conclusion that family members "were protecting them from service of process."  *Id.* at ¶ 5.

Plaintiff's Motion establishes that multiple good-faith attempts were made to serve the Keyes Defendants.  However, the Motion fails to identify "which specific methods of service were attempted under the hierarchy of mechanisms available under NMRA 1-004(F)."  *Soto*, 2010 WL 11619168, at *3.  In particular, it is unclear from Plaintiff's motion whether service by mail was ever attempted or, conversely, whether only in-person service was attempted.  *See also* NMRA 1-004(K) ("A motion for service by publication shall be substantially in the form approved by the Supreme Court."); NMRA Form 4-209, available at https://www.nmcourts.gov/forms.aspx (requiring the movant to check off each method of service attempted).   Additionally, Plaintiff has not

3

supplied an affidavit showing "that service cannot reasonably be made" as required by NMRA 1-004(J).

Plaintiff has more than a month remaining to effect service on the Keyes Defendants. *See* Fed R. Civ. P. 4(m) (requiring service within 90 days after filing of complaint); *doc. 1* (complaint filed September 22, 2020). Service by publication requires three consecutive weeks of publication to be effective. NMRA 1-004(K). If curing the deficiencies in the present Motion prevents Plaintiff from completing service in the time required, he may request an extension of time consistent with Federal Rule of Civil Procedure 4(m).

### III.   CONCLUSION

Plaintiff's Motion fails to specify the methods of service by which Plaintiff attempted to serve the Keyes Defendants, and it fails to include an affidavit as required by NMRA 1-004. IT IS THEREFORE ORDERED that Plaintiff's Motion for Service by Publication (*doc. 7*) is DENIED WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE