# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOE ELLIS,

    Plaintiff,

v.                                                                                      Civ. No. 20-971 CG/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## ORDER DENYING MOTION FOR SERVICE BY PUBLICATION

THIS MATTER comes before the Court on Plaintiff's Motion for Service by Publication. *Doc. 23*. Plaintiff requests an order authorizing service by publication upon Defendants Asa Joshua Keyes and Ashlee Keyes (collectively, "the Keyes Defendants") pursuant to New Mexico Rule of Civil Procedure 1-004(K). *See id.* Having reviewed the Motion and being fully advised in the premises, the Court DENIES the Motion WITHOUT PREJUDICE.

### I.    LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule." NMRA 1-004(J), (K).

Service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable" and it is not "feasible to give notice to the defendant in some manner more likely to bring the action to his attention." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 388 P.3d 240, 249 (N.M. 2016) (citations and internal quotation marks omitted); *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979) (citations omitted). Accordingly, "the exercise of diligence and good faith to locate a defendant are implicit prerequisites to effective service of process by publication." *T.H. McElvain Oil & Gas Ltd. P'ship*, 388 P.3d at 250 (citations omitted).

Diligence may be established by showing that the plaintiff carefully followed the procedural steps outlined in the state's rules. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *Soto v. Vill. of Milan Police Dep't*, No. 10-0043 WJ/ACT, 2010 WL 11619168, at *2 (D.N.M. Sept. 17, 2010) (unpublished). The procedure for personal service of process upon an individual is outlined in NMRA 1-004(F), which permits service by delivery to the individual personally or by mail or commercial courier service. NMRA 1-004(F)(1). If either in-person service or service by mail is ineffective, then "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant … *and* mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process."

NMRA 1-004(F)(2) (emphasis added).  If service fails under *both* subparagraphs (1) and (2), then service may be made upon the defendant's place of business or employment. NMRA 1-004(F)(3).

II. ANALYSIS

Plaintiff's Motion and affidavit therein establish that multiple good-faith attempts were made to serve the Keyes Defendants in person and via the mail pursuant to NMRA 1-004(F)(1).  Plaintiff first attempted personal service on the Keyes Defendants at their last known address but was notified that they no longer resided there.  *Doc. 23* at 1 ¶ 2, 3 ¶ 2.  Plaintiff then attempted to identify a new address for the Keyes Defendants and retained the services of multiple process servers to effect service. *Id.* at 1 ¶¶ 3–5, 4 ¶ 4.  The last of these process servers "made numerous attempts to serve [the Keyes Defendants] at various times of the day and night" and came to the conclusion that family members "were protecting them from service of process."  *Id.* at 1 ¶ 5; *see also id.* at 4 ¶ 4.  Plaintiff then tried to serve the Keyes Defendants via certified mail, sending process to the addresses that he had file on December 3, 2020, December 11, 2020, and January 3, 2021.  *Id.* at 2 ¶ 9.  The mailings posted in December 2020 were returned as undeliverable.  *Id.*  The January 2021 one was not.[1]  Based on the

---

[1] Plaintiff does not detail the status of the January 2021 mailings.  The Court presumes that neither Keyes Defendant signed a receipt for one of them (which would have accomplished service pursuant to NMRA 1-004(F)(1)(b) as to the signatory).  If Plaintiff has not done so already, it may behoove him to follow-up with the postal service used for the January 2021 mailings to determine their status.

3

above, the Court finds that service on the Keyes Defendants cannot reasonably be made as provided by NMRA 1-004(F)(1).

Plaintiff's affidavit, however, fails to establish that he has exhausted all feasible avenues of service other than service by publication as it does not discuss any attempts to accomplish service pursuant to NMRA 1-004(F)(2) or (3). If a plaintiff's attempts to serve process pursuant to NMRA 1-004(F)(1) are unsuccessful, NMRA 1-004(F)(2) provides that

> [S]ervice may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process.

NMRA 1-004(F)(2). Similarly, if a plaintiff's attempts to serve process pursuant to NMRA 1-004(F)(1) and (2) are unsuccessful, NMRA 1-004(F)(3) provides that

> [S]ervice of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

NMRA 1-004(F)(3). Serving the Keyes Defendants pursuant to either of these provisions may be reasonably possible. Plaintiff knows their last known address. *Doc. 23* at 1 ¶ 2, 3 ¶ 2. His affidavit does not show that the Keyes Defendants' usual place of abode is unascertainable or that attempts to deliver a copy of process to a person of the requisite age residing at this location were unsuccessful. *See id.* at 3–4.

Nor does the affidavit show that the Keyes Defendants' places of business or employment are unascertainable or that attempts to deliver a copy of process to the persons in charge of these places were unsuccessful.[2] Accordingly, Plaintiff's affidavit does not make the requisite showing for the Court to authorize service by publication. *See* NMRA 1-004(J)–(K).

The Court cannot ignore the deficiencies in Plaintiff's affidavit. NMRA 1-004(J) does allow the Court to "order service by any method or combination of methods … that is reasonably calculated under all the circumstances to apprise [Defendant] of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." NMRA 1-004(J). Theoretically, the Court could order Plaintiff to make a reasonable effort to serve the Keyes Defendants pursuant to NMRA 1-004(F)(2) and (3) in addition to ordering service by publication. However, NMRA 1-004(J) and (K) must "be strictly construed and strictly followed." *Owens v. Owens*, 259 P. 822, 823 (N.M. 1927); *see also Moya v. Catholic Archdiocese of N.M.*, 587 P.2d 425, 426 (N.M. 1978), *rev'd on other grounds*, 755 P.2d 583 (N.M. 1988); *Hutchen v. Hubbell*, 461 P.2d 413, 415 (N.M.

---

[2] Plaintiff has attested that "[t]here are no other avenues of personal service available … as to [the Keyes Defendants] and Publication is the only remaining form of service reasonably calculated under all circumstances to apprise [them] of the existence and pendency of this action and afford them reasonable opportunity to appear, respond, and defend." *Id*. at 4 ¶ 6. The Court does not consider this general attestation sufficient to establish the infeasibility of service pursuant to NMRA 1-004(F)(2) and (3) since it lacks detail about the attempts Plaintiff and his agents have made to accomplish service via these provisions.

1969). NMRA 1-004(K) expressly subjects service by publication to "a showing by affidavit that service cannot reasonably be made as provided by" NMRA 1-004. NMRA 1-004(J)–(K). As long as the assertions in Plaintiff's affidavit do not show that service cannot be reasonably made pursuant to NMRA 1-004(F)(2) or (3), his affidavit does not make the requisite showing and the Court cannot authorize service by publication.

### III. CONCLUSION

Plaintiff's affidavit fails to make the showing required by NMRA 1-004(K) for service by publication. IT IS THEREFORE ORDERED that Plaintiff's Motion for Service by Publication (*doc. 23*) is DENIED WITHOUT PREJUDICE. The Court recognizes that the effect of its decision is to preclude Plaintiff from serving the Keyes Defendants by publication its June 4, 2021 deadline for their service. *See doc. 18*. If Plaintiff believes that additional time is required to serve Keyes Defendants, he may move for an extension pursuant to Federal Rule of Civil Procedure 6(b).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE