# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOE ELLIS,

    Plaintiff,

v.                                                                       Civ. No. 20-971 CG/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## ORDER EXTENTING THE SERVICE DEADLINE AS TO DEFENDANTS ASHLEY LYNN KEYES AND ASA JOSHUA STEPHEN KEYES

THIS MATTER comes before the Court on Plaintiff's Motion for Extension of Time to Serve Defendants Ashley Lynn Keyes and Asa Joshua Stephen Keyes. *Doc. 25*. Plaintiff requests a 45-day extension of the deadline for service on Defendants Asa Joshua Keyes and Ashlee Keyes (collectively, "the Keyes Defendants"). *See id*. Having reviewed the Motion and being fully advised in the premises, the Court GRANTS it in part.

    **I.**    **BACKGROUND**

Plaintiff has been unable to serve the Keyes Defendants since filing a complaint against them on September 22, 2020. Based on the limited record before the Court, his attempts to do so have been sporadic and no attempt has been made to serve the Keyes

Defendants since January 3, 2021, other than twice moving the Court to authorize service by publication.

Plaintiff's first attempt to serve the Keyes Defendants predates this case. On July 27, 2020, a process server hired by Plaintiff attempted to serve Defendants with process from a different case, *Ellis v. United States*, No. 2:20-cv-00714-CG/SMV,[1] at their last known residence, 4720 Opal Dr. NE, Rio Rancho, New Mexico 87124. *Doc. 25* at 5–6 ¶ 5. There, the process server served Vivian Hawn, who informed it that neither Keyes Defendant lived at this location. *Id.* at 5 ¶ 2, 5–6 ¶ 5. Plaintiff then sent multiple letters to this address through first class mail, all of which were returned as undeliverable. *Id.* at 5–6 ¶ 5.

Sometime thereafter but before November 16, 2020, Plaintiff conducted an Accurint Search, which located several possible addresses for the Keyes Defendants in New Mexico. *Id.* at 5 ¶ 3; *doc. 23* at 1 ¶ 3; *doc. 7* at ¶ 3. He then retained the services of Garcia Process Serving to serve process on these Defendants, which subsequently informed him that it could not locate these Defendants "at the address provided."[2]

---

[1] In *Ellis v. United States*, No. 2:20-cv-00714-CG/SM, Plaintiff raised the same claims against the same Defendants as he does in this case. *Compare doc. 1 with Ellis v. United States*, No. 2:20-cv-00714-CG/SMV, *doc. 1*. His claims against Defendant United States therein were premature since he filed the complaint several weeks before Defendant's deadline to respond to the Notice of Claim. *See Ellis v. United States*, No. 2:20-cv-00714-CG/SMV, *doc. 16* at 1. Accordingly, Plaintiff voluntarily dismissed his complaint in *Ellis v. United States*, No. 2:20-cv-00714-CG/SMV so that it could be refiled after that deadline. *Id.* This case is the refiling.

[2] The Court notes that each of the motions and affidavits that Plaintiff has filed about his attempted service states that he only provided Garcia Process Serving with one of the addresses that he had

2

*Doc. 25* at 5 ¶ 4; *doc. 23* at 3 ¶ 4; *doc. 7* at ¶ 4. Garcia Process Serving also attempted to serve Defendant Asa Joshua Keyes at "T or C Brewing, located at 2001 E. Lohman Ave., #115, Las Cruces, NM 88001," on October 7, 2020 after discovering a newspaper article indicating that he worked there. *Doc. 25* at 6 ¶ 8. It was told that he no longer worked there. *Id.* It made no analogous attempt to serve Defendant Ashlee Keyes at her place of employment as no so such place had been located as to her. *Id.*

Sometime between October 7, 2020 and November 16, 2020, Plaintiff retained the services of Randy Gomez from Professional Process Service to serve the Keyes Defendants. Mr. Gomez "made numerous attempts to serve Defendant[s] Asa Joshua and Ashlee Keyes at various times of the day and night and made extensive inquires as to [their] whereabouts, all to no avail." *Doc. 7* at ¶ 5. His attempts left him with the impression that "family members of Asa Joshua and Ashlee Keyes refused to divulge [their] whereabouts and were protecting them from service of process." *Id.*

On November 16, 2020, Plaintiff moved the Court for service by publication. *Doc. 7.* The Court denied the motion without prejudice because it "fail[ed] to identify 'which specific methods of service were attempted under the hierarchy of mechanisms available under NMRA 1-004(F).'" *Doc. 8* at 3 (quoting *Soto v. Vill. of Milan Police Dep't*, No. 10-0043 WJ/ACT, 2010 11619168, at *2 (D.N.M. Sept. 17, 2010) (unpublished)). The

---

discovered for the Keyes Defendants. *See doc. 25* at 5 ¶ 4; *doc. 23* at 3 ¶ 4; *doc. 7* at ¶ 4

3

Court also noted that Plaintiff's motion lacked the requisite "affidavit showing that 'service cannot reasonably be made' as required by NMRA 1-004(J)" and did not clarify whether Plaintiff had exhausted service under NMRA 1-004(F). *Id.* at 3–4 (quoting NMRA 1-004(J)). Finally, the Court informed Plaintiff that approximately one month remained for him to effect service on the Keyes Defendants. *Id.* at 4.

In December 2020 and January 2021, Plaintiff thrice attempted to mail service to the Keyes Defendants to an unspecified address (or unspecified addresses). *Doc. 25* at 6 ¶ 7; *doc. 23* at 3–4 ¶ 5. The first two attempts were rejected, while the third was never returned. *See doc. 25* at 6 ¶ 7; *doc. 23* at 3–4 ¶ 5; *doc. 14* at ¶ 11.

On May 5, 2021, the Court exercised its discretion to extend the deadline for service on the Keyes Defendants to June 4, 2021 despite Plaintiff not establishing good cause for his failure to serve them within ninety days of filing his Complaint. *Doc. 18* at 3–4. In so finding, the Court noted that Plaintiff had not attempted to serve the Keyes Defendants since January 3, 2021 and/or explained "any steps he took to move this case forward during the three months before the Court was put to the task of ordering him to show cause." *Id.* at 3. The Court also set May 10, 2021 as the deadline for Plaintiff to file a motion for service by publication to ensure that service via this method would be completed by the June 4, 2021 deadline. *Id.* at 4.

On May 10, 2021, Plaintiff renewed his motion for service by publication, but neglected to attach the affidavit required by NMRA 1-004(J).  *Doc. 19*.  Therefore, the Court denied this motion without prejudice.  *Doc. 22*.

On May 12, 2021, Plaintiff filed a third motion for service by publication.  *Doc. 23*.  A week later, the Court denied this motion without prejudice since Plaintiff's affidavit did not establish that the Keyes Defendants could not be served pursuant to NMRA 1-004(F)(2) or NMRA 1-004(F)(3).  *Doc. 24*.  The Court also observed that the effect of its order was to preclude Plaintiff from serving the Keyes Defendants by publication prior to the June 4, 2021 deadline and advised Plaintiff that he may seek an extension of this deadline pursuant to Federal Rule of Civil Procedure 6(b).  On May 24, 2021, Plaintiff moved the Court to extend this deadline by 45 days in order to serve the Keyes Defendants pursuant to NMRA 1-004(F)(2) and (3).  *Doc. 25*.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires the Court to extend the deadline to serve a defendant if a plaintiff shows good cause.  *See* Fed. R. Civ. P. 4(m).  "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule."  *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).  The provision is interpreted narrowly.  *Id.* at 174.  Oversight, mistake of counsel, ignorance of the rules, reliance on a process server who fails to perform, or absence of any prejudice to

the unserved defendant is usually not sufficient to satisfy it. *Id.* at 174, 176; *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991). Evasion of service by the defendant does. *Cox*, 941 F.2d at 1125.

Federal Rule of Civil Procedure 4(m) also gives the Court the discretion to extend the service deadline in the absence of good cause. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). When wielding its discretion, the Court must consider the following: (i) a plaintiff's *pro se* status; (ii) any confusion or delay attendant to the resolution of an *in forma pauperis* petition; (iii) the timeliness of plaintiff's claims if they were refiled subsequent to dismissal for untimely service; (iv) prejudice to the unserved defendant; and (v) the complexity of service requirements for federal defendants. *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021) (unpublished); *Espinoza*, 52 F.3d. at 842 & n.8. Some district courts also consider whether the unserved defendant has evaded service or has notice of the underlying lawsuit. *See Trotter v. City of Park City*, No. 05-1311-WEB, 2006 WL 8440061, at *3 (D. Kan. July 10, 2006) (unpublished); *Ireland v. Midwest Mech. Grp., Inc.*, No. 05-2063-JWL, 2005 WL 2099545, at *2 (D. Kan. Aug. 30, 2005) (unpublished). Other district courts consider the likelihood of eventual service. *See Golden v. Mentor Capital, Inc.*, No. 2:15-cv-00176-JNP-BCW, 2017 WL 3379106, at *3 (D. Utah Aug. 3, 2017) (unpublished).

**III. ANALYSIS**

Plaintiff has not shown good cause to extend the deadline for serving the Keyes Defendants because his efforts to comply with the Court's extended service deadline have been erroneous rather than meticulous. Since the Court exercised its discretion to extend the service deadline as to these Defendants, Plaintiff has filed two deficient motions for service by publication, despite the Court informing him six months prior of the requirements that he must satisfy to obtain leave for such service. *See docs. 8, 22, 24*. Such mistakes and miscomprehension of the preconditions for service by publication are not good cause for extending the service deadline for the Keyes Defendants. *See In re Kirkland*, 86 F.3d at 176.[3]

The Court, though, finds that a second discretionary extension of thirty (30) days is warranted. As no deadlines have been set in this matter, there is no indication that another short extension would prejudice the Keyes Defendants or impair their ability to defend against the allegations in Plaintiff's Complaint. Denying this extension, however, would reward these Defendants for their purported attempts to dodge service. Service on these Defendants is also likely to occur before the extended deadline. Plaintiff's most recent affidavit demonstrates that he has exhausted NMRA

---

[3] The Court does not assess Plaintiff's conduct prior to May 5, 2021 since it has already found this conduct does not establish good cause to extend the service deadline. *Doc. 18* at 3–4.

7

1-004(F)(1). The assertions therein also raise the possibility that, despite reasonable diligence, Plaintiff has either been unable to locate the Keyes Defendants' usual abode or places of employment or deliver process to an appropriate person at those locations as required for service pursuant to NMRA 1-004(F)(2) and (3).[4]

Admittingly, several *Espinoza* factors counsel against this discretionary extension. The Keyes Defendants are not entities of the United States. Plaintiff has representation and is not proceeding *in forma pauperis*. His claims against these Defendants would also not be time-barred if the Court were to dismiss them without prejudice for lack of timely service since they arise out of an alleged dog attack in September 2019 and the applicable statute of limitations for claims of negligence and intentional inflection of emotional distress is the three-year period for personal injuries in N.M. Stat. Ann. § 37-1-8. These factors, however, are not sufficient to overcome the Court's concerns about the Keyes Defendants' evasion of service and its findings that a short extension would allow Plaintiff to serve them and not expose them to prejudice.

---

[4] The Court cannot determine whether Plaintiff has exhausted service under NMRA 1-004(F)(2) and (3) without more *detailed* information about the attempts Plaintiff and his agents have made to identify the Keyes Defendants' usual abode or places of employment or serve process on an appropriate individual at any identified location. Conclusory assertions in the vein that a process server "made numerous attempts to serve Defendants but was unable to," *e.g.*, *doc. 25* at 5 ¶ 4, lack the detail required for the Court to find that Plaintiff reasonably attempted to serve the Keyes Defendants under NMRA 1-004(F).

## IV. CONCLUSION

While Plaintiff has not shown the requisite good cause to extend the service deadline for the Keyes Defendants, the Court finds that a second, final discretionary extension is warranted. IT IS HEREBY ORDERED the deadline for Plaintiff to file proof of service on the Keyes Defendants is EXTENDED to **July 6, 2021**. If Plaintiff intends to serve these Defendants via publication, he must file a motion for leave to do so with the requisite affidavit **no later than June 7, 2021**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE