IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE ELLIS,

    Plaintiff,

v.                                                                                           Civ. No. 20-971 CG/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## ORDER AUTHORIZING SERVICES OF KEYES DEFENDANTS VIA PUBLICATION

THIS MATTER comes before the Court on Plaintiff's Motion for Service by Publication. *Doc. 27*. Plaintiff requests an order authorizing service by publication on Defendants Asa Joshua Keyes and Ashlee Keyes (collectively, "the Keyes Defendants"). *See id.* Having reviewed the Motion and being fully advised in the premises, the Court GRANTS it.

### I. BACKGROUND

Plaintiff has been unable to serve the Keyes Defendants despite making multiple, varied attempts to do so. He has hired several process servers, conducted multiple searches to locate these Defendants' addresses and places of employment, and made numerous attempts to serve them at their last known addresses. None of these actions has resulted in their service.

Plaintiff's first attempt to serve the Keyes Defendants predates this case.  On July 27, 2020, a process server hired by Plaintiff attempted to serve them with process from a different case, *Ellis v. United States*, No. 2:20-cv-00714-CG/SMV,[1] at 4720 Opal Dr. NE, Rio Rancho, New Mexico 87124.  *Doc. 27* at 8 ¶ 6.  There, the process server served Vivian Hawn (presumed to be Defendants' mother), who informed it that neither Keyes Defendant lived at this location.  *Id*.  Plaintiff then sent multiple letters to this address through first class mail, all of which were returned as undeliverable.  *Id*.

Sometime thereafter but before November 16, 2020, Plaintiff conducted an Accurint Search, which located several possible addresses for the Keyes Defendants in New Mexico.  *Id.* at 7 ¶ 3.  He then retained the services of Garcia Process Serving to serve Defendants, which subsequently informed him that it could not locate these Defendants "at the address provided."  *Id.* at 7 ¶ 4.  Garcia Process Serving also attempted to serve Defendant Asa Joshua Keyes at "T or C Brewing, located at 2001 E. Lohman Ave., #115, Las Cruces, NM 88001," on October 7, 2020, after discovering a

---

[1] In *Ellis v. United States*, No. 2:20-cv-00714-CG/SM, Plaintiff raised the same claims against the same Defendants as he does here.  *Compare* doc. 1 *with* Complaint, *Ellis v. United States*, No. 2:20-cv-00714-CG/SMV (D.N.M. July 17, 2020), ECF No. 1.  His claims against Defendant United States therein were premature since he filed the complaint several weeks before Defendant's deadline to respond to the Notice of Claim.  *See* Stipulated Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41, *Ellis v. United States*, No. 2:20-cv-00714-CG/SMV (D.N.M. Sept. 22, 2020), ECF No. 16 at 1.  Accordingly, Plaintiff voluntarily dismissed his complaint in *Ellis v. United States,* No. 2:20-cv-00714-CG/SMV so that it could be refiled after that deadline.  *Id*.  This case is the refiling.

newspaper article indicating that he worked there. *Id.* at 8 ¶ 7. It was told that he no longer worked there. *Id.*

Sometime between October 7, 2020 and November 16, 2020, Plaintiff retained the services of Randy Gomez from Professional Process Service to serve the Keyes Defendants. Mr. Gomez "made numerous attempts to serve Defendant[s] Asa Joshua and Ashlee Keyes at various times of the day and night and made extensive inquires as to their whereabouts, all to no avail." *Id.* at 7–8 at ¶ 5. His attempts left him with the impression that "family members of Asa Joshua and Ashlee Keyes refused to divulge their whereabouts and were protecting them from service of process." *Id.*

On November 16, 2020, Plaintiff moved the Court for service by publication. *Doc.* 7. The Court denied the motion without prejudice because it "fail[ed] to identify 'which specific methods of service were attempted under the hierarchy of mechanisms available under NMRA 1-004(F).'" *Doc. 8* at 3 (quoting *Soto v. Vill. of Milan Police Dep't*, Civil No. 10-0043 WJ/ACT, 2010 WL 11619168, at *3 (D.N.M. Sept. 17, 2010) (unpublished)). The Court also noted that Plaintiff's motion lacked the requisite "affidavit showing that 'service cannot reasonably be made' as required by NMRA 1-004(J)" and did not clarify whether Plaintiff had exhausted service under NMRA 1-004(F). *Id.* at 3–4 (quoting NMRA 1-004(J)).

In December 2020 and January 2021, Plaintiff thrice attempted to mail service to the Keyes Defendants at the addresses that he had on file for them. *Doc. 27* at 2 ¶ 9, 8–9 ¶ 8. The first two attempts were rejected, while the third was never returned. *See id*.

On May 5, 2021, the Court extended the deadline for service on the Keyes Defendants to June 4, 2021. *Doc. 18* at 3–4. Five days later, Plaintiff renewed his motion for service by publication, but neglected to attach the affidavit required by NMRA 1-004(J). *Doc. 19*. Therefore, the Court denied this motion without prejudice. *Doc. 22*. Two days later, Plaintiff filed a third motion for service by publication, *doc. 23*, which the Court denied without prejudice since Plaintiff's affidavit did not establish that the Keyes Defendants could not be served pursuant to NMRA 1-004(F)(2) or NMRA 1-004(F)(3). *Doc. 24*.

On May 26, 2021, the Court extended the deadline for service on the Keyes Defendants to July 6, 2021. *Doc. 26*. The Court also set June 7, 2021, as the deadline for Plaintiff to seek its leave for service by publication. *Id.*

Plaintiff then retained Garcia Process Serving to make a final attempt to serve the Keyes Defendants at their last known addresses. *Doc. 27* at 9 ¶ 10. Garcia Process Serving ran skip traces on these Defendants and identified 4890 Taurus Rd. NE, Rio Rancho, New Mexico 87144 as the most current address for Defendant Ashley Keyes and 4720 Opal Dr. NE, Rio Rancho, New Mexico 87124 as the most current address for

4

Defendant Asa Joshua Keyes.  *Doc. 27* at 5–6.  On June 2, 2021, Andres Garcia, a Garcia Process Serving employee, attempted to serve the Keyes Defendants at these addresses. *Id.*  At 4890 Taurus Rd. NE, Rio Rancho, New Mexico 87144, Mr. Garcia talked with Valerie Hawn and learned that this Defendant no longer lived there.  *Id.* at 5.  Because Ms. Hawn declined to provide a current address for this Defendant, Mr. Garcia left a business card with her and asked her to have this Defendant call him.  *Id.*  As of June 6, 2021, he has not received a call from Defendant Ashlee Keyes.  *Id.*  At 4720 Opal Dr. NE, Rio Rancho, New Mexico 87124, the current occupant of that property informed him that she had lived there for four years and did not know Defendant Asa Joshua Keyes.  *Id.* at 6.[2]

    Five days later, Plaintiff filed the instant motion for service via publication and an affidavit detailing his unsuccessful attempts to serve the Keyes Defendants.  *See generally id.*  In that affidavit, he clarified that neither he nor his agents have been able to locate a place of employment for Defendant Ashlee Keyes.  *See id.* at 8 ¶ 7.

---

[2] There is some tension between the sworn statements of Mr. Garcia and Plaintiff.  The first point of tension is about the first name of Defendants' mother.  Plaintiff swears that it is Vivian, *see doc. 27* at 8 ¶ 6, while Mr. Garcia swears that it is Valerie, *id.* at 5.  The second point of tension is whether the current occupant of 4720 Opal Dr. NE, Rio Rancho, New Mexico 87124 could have lived there for four years without knowing Defendant Asa Joshua Keyes, as Mr. Garcia claims, *see id.* at 6.  Plaintiff swears that a different process server encountered Defendants' mother, Ms. Hawn, at this same address on July 27, 2020 when attempting to serve the Keyes Defendants there.  *Id.* at 8 ¶ 6.  These points of tension, however, do not preclude the Court from authorizing service via publication.  The mother's first name is not material to the Court's inquiry and both the occupant and the mother denied that 4720 Opal Dr. NE, Rio Rancho, New Mexico 87124 was a usual place of abode for a Keyes Defendant.

## II.   LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule." NMRA 1-004(J), (K). Service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable" and it is not "feasible to give notice to the defendant in some manner more likely to bring the action to his attention." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 388 P.3d 240, 249–50 (N.M. 2016) (citations and internal quotation marks omitted); *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979) (citations omitted). Accordingly, "the exercise of diligence and good faith to locate a defendant are implicit prerequisites to effective service of process by publication." *T.H. McElvain*, 388 P.3d at 250 (citations omitted).

Diligence may be established by showing that the plaintiff carefully followed the procedural steps outlined in the state's rules. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *Soto*, 2010 WL 11619168, at *2. New Mexico's procedure for personal service of process upon an individual is outlined in NMRA 1-004(F), which

permits service by delivery to the individual personally or by mail or commercial courier service.   NMRA 1-004(F)(1).   If either in-person service or service by mail is ineffective, then "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant … *and* mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process."   NMRA 1-004(F)(2) (emphasis added).   If service fails under *both* subparagraphs (1) and (2), then service may be made upon the defendant's place of business or employment.   NMRA 1-004(F)(3).

### III.   ANALYSIS

Serving the Keyes Defendants by publication is proper since Plaintiff has not been able to serve them in a manner permitted by NMRA 1-004(F) despite making multiple reasonable attempts to do so.   With respect to NMRA 1-004(F)(1), Plaintiff and his agents have not been able to serve the Keyes Defendants in person or via the post even though they have conducted several searches to identify possible addresses and places of employment for them, attempted to serve them at each address and place of employment identified, and sent certified mailings to these addresses.   With respect to NMRA 1-004(F)(2), Plaintiff and his agents have not been able to locate a usual place of abode for either Keyes Defendant despite conducting multiple searches for their current address(es) and talking with the current occupants of each address located.   His most

recent search yielded two addresses both of whose present occupants stated that no Keyes Defendant lived there. Finally, with respect to NMRA 1-004(F)(3), Plaintiff and his agents have not been able to identify a current place of business or employment for either Keyes Defendant. One process server did locate a possible place of employment for Defendant Asa Keyes, but subsequently learned from the employer that Defendant Asa Keyes no longer worked there.

### IV. CONCLUSION

Plaintiff's repeated attempts to serve the Keyes Defendants demonstrate that service pursuant to NMRA 1-004(F) cannot reasonably be made and that service by publication is the only remaining mechanism that is likely to provide them with notice about this case. Accordingly, Plaintiff is HEREBY AUTHORIZED to serve the Keyes Defendants via publication.

New Mexico Rules of Civil Procedure requires that such service take the form of a notice of pendency of the action that contains the following:

> (a) the caption of the case, as provided in Rule 1-008.1 NMRA, including a statement which describes the action or relief requested;
>
> (b) the name of the defendant or, if there is more than one defendant, the name of each of the defendants against whom service by publication is sought;
>
> (c) the name, address and telephone number of plaintiff's attorney; and
>
> (d) a statement that a default judgment may be entered if a response is not filed.

NMRA 1-004(K)(2).  Having reviewed Plaintiff's proposed notice of pendency of suit, *see doc. 27* at 4, the Court FINDS that it complies with these requirements but improperly states the Keyes Defendants have thirty days to respond to Plaintiff's Complaint (even though Federal Rule of Civil Procedure 12(a)(1)(A) only gives them twenty-one days to do so).  Accordingly, IT IS HEREBY ORDERED that Plaintiff AMEND his notice of pendency of suit to state that the Keyes Defendants have twenty-one days to respond to Plaintiff's Complaint.

Finally, the New Mexico Rules of Civil Procedure require Plaintiff's notice be published "once each week for three consecutive weeks" in "a newspaper of general circulation in the county where the action is pending" as well as "a newspaper of general circulation in the county which reasonably appears [to be] most likely to give the defendant notice of the action."  NMRA 1-004(K).  The Court FINDS that the former is the Las Cruces Sun-News and the latter is the Albuquerque Journal. Accordingly, IT IS HEREBY ORDERED that Plaintiff's amended notice of pendency of suit must be published at least once a week for at least three weeks in *both* the Las Cruces Sun-News and the Albuquerque Journal and that any proof of service filed by Plaintiff contain a copy of the actual notice published in these newspapers and list the dates of its publication.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE