IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE ELLIS,

    Plaintiff,

v.                                            Civ. No. 20-971 CG/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## ORDER QUASHING ORDER TO SHOW CAUSE AND ORDERING PLAINTIFF TO FILE PROOF OF SERVICE

THIS MATTER comes before the Court on its Order to Show Cause (*doc. 30*) and Plaintiff's response thereto (*doc. 31*). Plaintiff filed suit against numerous Defendants on September 22, 2020, but has not yet filed proof of service as to Defendants Ashlee Lynn Keyes and Asa Joshua Stephen Keyes ("Keyes Defendants") as required by Federal Rule of Civil Procedure 4(*l*). The Court authorized Plaintiff to serve these Defendants via publication, *see doc. 28*, and twice exercised its discretion to extend the deadline for serving them, *see docs. 18, 26*.

As the most recent deadline, July 6, 2021, *see doc. 26* at 9, came and went without Plaintiff filing the requisite proof of service as to the Keyes Defendants, the Court filed an Order to Show Cause requiring Plaintiff to

> either (i) file proof of service as to the Keyes Defendants, or (ii) show cause why his case should not be dismissed without prejudice as to the Keyes Defendants for failure to comply with the service and time provisions of Rule 4(m) as

> extended by the Court's Order Extending the Service Deadline as to Defendants Ashley Lynn Keyes and Asa Joshua Stephen Keyes (*doc. 26*).

*Doc. 30* at 2. On July 14, 2021, Plaintiff filed a response, arguing that good cause exists to not dismiss the Keyes Defendants since Plaintiff served them via publications in the Albuquerque Journal and Las Cruces Sun News before the July 6, 2021 deadline. *Doc. 31* at 2.

The Federal Rules of Civil Procedure provide that "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P 4(*l*)(3). Courts interpret this provision to "mean[] what it says." *Colony Ins. Co. v. Ropers of Hattiesburg, LLC,* No. 2:11cv3KS-MTP, 2011 WL 1226095, at *4 (S.D. Miss. Mar. 29, 2011) (unpublished) (gathering cases and treatises). "[B]elatedly filed proof of service does not render … service untimely or improper." *Gusler v. City of Long Beach*, 823 F. Supp. 2d 98, 123 (E.D.N.Y. 2011); *see also United States ex rel. Morgan v. Champion Fitness, Inc.*, No. 1:13-cv-1593, 2018 WL 5114124, at *9 (C.D. Ill. Oct. 19, 2018) (unpublished).

Plaintiff's response establishes that he constructively served the Keyes Defendants by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and New Mexico Rule 1-004(K) before the July 6, 2021 deadline. It contains an affidavit from Plaintiff's counsel in which he swears that Plaintiff "publish[ed] service in the Albuquerque Journal and the Las Cruces Sun News once a week for three consecutive weeks" and that the last publication dates were June 26, 2021, and June 28, 2021, respectively. *Doc. 31* at 4. It also contains affidavits of publication from these

newspapers' authorized representative or legal clerk attesting to the publication of notices of the pendency of this suit before and on these dates. *Id.* at 7–8.

Accordingly, IT IS HEREBY ORDERED that the Court's Order to Show Cause is QUASHED and that Plaintiff shall refile the three affidavits in his response as the proof of service on the Keyes Defendants required by Rule 4(*l*) **within seven (7) days from the issuance of this order**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE