IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE ELLIS,

        Plaintiff,

v.                                                      Civil Case No. 20-971 RB-GBW

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
INTERIOR, BUREAU OF RECLAMATION,
LAGO RICO INC., and ASA JOSHUA STEPHEN
KEYES and ASHLEE LYNN KEYES, dog owners,

        Defendants,

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Joe Ellis's Motion for Default Judgment. (Doc. 59.) For the reasons outlined in this Opinion, the Court will grant in part the motion.

**I.**     **Findings of Fact**[1]

On September 13, 2019, Ellis was walking his dog on a leash at the Fish Hatchery Park in Elephant Butte, New Mexico. (Doc. 1. (Compl.) ¶¶ 11–12.) On the same date, Defendant Ashlee Keyes "drove a white van to Fish Hatchery Park and brought a Pitbull" that she and Asa Keyes owned. (*Id.* ¶¶ 47–48.) While on his walk, "Ellis neared [Keyes's] van, and [the] Pitbull jumped out of the window[] and attacked his dog." (*Id.* ¶ 13.) Both Ellis and his dog sustained injuries. (*Id.*) He brought suit in federal court based on the Federal Tort Claims Act, alleging negligence and intentional infliction of emotional distress against the United States for its failure to post leash signs at the park. (*See id.* ¶¶ 1, 15, 20–34, 64–69.) He alleged the same claims against the state defendants pursuant to the Court's supplemental jurisdiction. (*See id.* ¶¶ 1, 35–69.)

---

[1] The Court takes its factual findings from Ellis's Complaint. (Doc. 1 (Compl.).)

## II. Legal Standard

"In reviewing a default judgment, the Court takes the well-pleaded factual allegations in the complaint as true." *Snelling v. Tribal Vapors*, No. CV 19-0686 JB/GJF, 2021 WL 1227836, at *2 (D.N.M. Mar. 31, 2021) (quotation and quotation marks omitted). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (quotation and quotation marks omitted). "[D]istrict courts have discretion to decline to award default judgment when there are serious doubts as to the merits of the plaintiff's substantive claim." *Id.* (quoting *Sutton v. Heartland Payment Sys.*, LLC, No. CIV 18-0723 PJK/KK, 2019 WL 5268597, at *1 (D.N.M. Oct. 17, 2019)).

## III. Analysis

### A. Ellis has made no actionable allegations against Asa Keyes.

Ellis alleges that Asa and Ashlee Keyes co-owned the dog. (Compl. ¶ 17.) Yet, Ashlee was the only owner present at the time that the dog escaped the van and attacked Ellis's dog. (*See id.* ¶¶ 48–51.) After the attack, Ashlee "called Asa Joshua Keyes who arrived at the scene." (*Id.* ¶ 54.) Ellis alleges no facts to demonstrate that Asa was present on the scene to restrain the dog at the time of the attack. Consequently, Ellis has not demonstrated that Asa is liable for negligence or intentional infliction of emotional distress, and the Court will deny the motion for default judgment as to Asa Keyes and dismiss him with prejudice from this lawsuit.

### B. The Court will grant the motion for default judgment in part as to the claims against Ashlee Keyes.

#### 1. Negligence

Ellis claims that Ashlee parked at Fish Hatchery Park, failed to leash or restrain her dog, left one of her van windows rolled down, and was unable to contain her dog when it jumped out of the open window. (Compl. ¶¶ 48–52.) He further alleges that Ashlee "owed a duty to the visitors

of Fish Hatchery Park of insuring their safety" and breached her "duty by failing to keep [the] dog on a leash" or "to take reasonable and necessary steps to protect patrons of Fish Hatchery Park . . . ." (*Id.* ¶¶ 59–61.) As a result of her negligence, Ellis and his dog suffered damages. (*Id.* ¶ 62.)

The New Mexico Court of Appeals has found "that a negligence claim is appropriate where the dog owner lacks knowledge of the dog's vicious propensities and ineffectively controls the animal 'in a situation where it would reasonably be expected that injury could occur.'" *Smith v. Vill. of Ruidoso*, 994 P.2d 50, 57 (N.M. Ct. App. 1999) (quoting *Arnold v. Laird*, 621 P.2d 138, 141 (Wash. 1980)) (subsequent citations omitted).

> Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,
> (a) he intentionally causes the animal to do the harm, or
> (b) he is negligent in failing to prevent the harm.

*Id.* (quoting Restatement (Second) of Torts § 518 (1977)). Here, Ellis has made no allegation that Ashlee knew her animal was vicious, but rather that she negligently failed to restrain her dog to prevent harm to other visitors of the park. Taking the allegations of the Complaint as true, the Court will grant the motion for default judgment on the negligence claim against Ashlee Keyes.

### 2. Intentional Infliction of Emotional Distress

"The tort of intentional infliction of emotional distress (IIED) 'provides recovery to victims of socially reprehensible conduct.'" *Castillo v. City of Las Vegas*, 195 P.3d 870, 876 (N.M. Ct. App. 2008) (quoting *Baldonado v. El Paso Nat. Gas Co.*, 176 P.3d 277, 283 (N.M. 2007)). The New Mexico "Supreme Court has limited recovery for IIED to claims in which the plaintiff can establish, among other things, extreme and outrageous conduct." *Id.* (citing *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 41 P.3d 333, 342 (N.M. 2002)). "The Restatement [(Second) of Torts § 46 cmt. d (1965)] describes extreme and outrageous conduct as that which is 'so outrageous in

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Trujillo*, 41 P.3d at 342).

Here, Ellis alleges that Ashlee was *negligent* in failing to restrain her dog and "was unable to contain the dog." (Compl. ¶ 51.) He describes no conduct that was extreme, outrageous, or "beyond all possible bounds of decency . . . ." *See Trujillo*, 41 P.3d at 342 (quotation omitted). The Court will exercise its discretion to decline to award default judgment on the claim for IIED, because the undersigned has "serious doubts as to the merits of [Ellis's] substantive claim." *See Snelling*, 2021 WL 1227836, at *2.

### C. Damages

"Pursuant to Rule 55(b)(1), if a claim is for a 'sum certain or sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount' against a defendant who has been defaulted." *Hollow Spirits, LLC v. Corson Distilling Sys., Inc.*, No. CV 18-257 MV/JFR, 2020 WL 1963188, at *14 (D.N.M. Mar. 9, 2020), *R&R adopted*, 2020 WL 1954152 (D.N.M. Apr. 23, 2020) (quoting Fed. R. Civ. P. 55(b)(1). The Court may enter judgment for an amount "if 'the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Id.* (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

Here, Ellis asks "for a judgment in the amount of $12,283.96, for damages and costs [he has] incurred . . . ." (Doc. 59 at 5.) He claims medical damages for himself in the amount of $3,663.10; damages to his dog in the amount of $1,598.37; and costs in the amount of $3,359.39. (*Id.*) Together these damages and costs total $8,620.86, far less than his request for $12,283.96. The Court hereby directs Ellis to submit an itemized list of damages and costs incurred due to

4

Ashlee Keyes's negligence, exhibits to support each item, an affidavit in support of each sum demanded, and authority to support the claims,[2] no later than **May 20, 2022**.

**THEREFORE,**

**IT IS ORDERED** that Ellis's Motion for Default Judgment (Doc. 59) is **GRANTED IN PART**: the Court grants default judgment on the claim for negligence against Ashlee Keyes only. The Court **DENIES** the motion in part as to Ellis's claim against Ashlee Keyes for intentional infliction of emotional distress and all claims against Asa Keyes; these claims are **DISMISSED**.[3]

**IT IS FURTHER ORDERED** that Ellis shall submit an itemized list of damages and costs incurred due to Ashlee Keyes's negligence, exhibits to support each item, an affidavit in support, and authority to support the claims, no later than **May 20, 2022**.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[2] For example, if Ellis claims attorney's fees, he must cite authority to establish that such costs are recoverable in an action for negligence.

[3] Ellis's claims against the United States defendants and Lago Rico, Inc. have been dismissed. (*See* Docs. 55; 60.)